UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| FELIPE MULERO, | : | |
|     Plaintiff | : | |
| | : | CIVIL DOCKET NO. |
| v. | : | 3:10-CV-01522 (VLB) |
| | : | |
| JON SCHEOHORN, | : | |
|     Defendant | : | December 22, 2010 |

### ORDER GRANTING DEFENDANT'S MOTION TO DISMISS [Doc. #14]

By complaint filed on September 24, 2010, the Plaintiff, Felipe Mulero, a resident of Connecticut, filed an action against the Defendant, Jon Scheohorn, also a resident of Connecticut, sounding in contract and legal malpractice. The Plaintiff has also filed an essentially identical action that is currently pending and being litigated actively in the Connecticut Superior Court, Judicial District of Hartford under docket no. HHD-CV10-5035020. For the reasons stated below, this case is dismissed for lack of jurisdiction and under the doctrine of abstention.

Federal courts are courts of limited jurisdiction. Kokkomen v. Guardian Life Insurance of America, 511 U.S. 375, 377 (1984). Federal courts presumptively lack jurisdiction over civil cases and a plaintiff bears the burden of pleading sufficient facts to establish and invoke the court's jurisdiction. Id. A federal court's power derives from Article III, Section 2 of the United States Constitution, which delineates the absolute limit of the court's jurisdiction. Ankenbrandt v. Richards, 504 U.S. 689, 695-697 (1992).

1

"Federal courts are courts of limited jurisdiction whose power is limited strictly by Article III of the Constitution and congressional statute." United Food & Commercial Workers Union v. CenterMark Props. Meriden Square, Inc., 30 F.3d 298, 303 (2d Cir.1994). "Litigants, therefore, cannot waive subject matter jurisdiction by express consent, conduct, or estoppel because they fail to challenge jurisdiction early in the proceedings." Id. (citations and quotation marks omitted).

As federal courts are courts of limited jurisdiction, the validity of an order of a federal court depends upon the court having jurisdiction over both the subject matter and the parties. Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 701 (1982). For the purpose of determining whether a district court has federal question jurisdiction pursuant to Article III and 28 U.S.C. § 1331, the jurisdictional inquiry "depends entirely upon the allegations in the complaint" and asks whether the claim as stated in the complaint "arises under the Constitution or laws of the United States. . . ." Carlson v. Principal Fin. Group, 320 F.3d 301, 306 (2d Cir. 2003); see also Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987). Provided that it does, the district court has subject matter jurisdiction unless the purported federal claim is clearly "immaterial and made solely for the purpose of obtaining jurisdiction" or is "wholly insubstantial and frivolous." Carlson, 320 F.3d at 306 (quoting Bell v. Hood, 327 U.S. 678, 682-83, (1946)); see also In re Stock Exchs. Options Trading Antitrust Litig., 317 F.3d 134, 150 (2d Cir. 2003). The Court must glean from the

complaint whether there is federal question jurisdiction, that is, whether a plaintiff has pleaded a jurisdiction-conferring claim, which is a wholly separate issue from whether the complaint adequately states a legally cognizable claim for relief on the merits. See, e.g., Carlson, 320 F.3d at 306. In determining whether the court has jurisdiction, the question is not whether the claim has merit but rather whether the plaintiff makes a claim under an act of Congress; if so, there is jurisdiction whether the claim ultimately be held good or bad. The Fair v. Kohler Die & Specialty Co., 228 U.S. 22, 25 (1913).

A contract claim asserted by one individual against another is not a federal question. Louisville & Nashville Railroad v. Mottley, 211 U.S. 149, 152-53 (1908). "The lack of subject matter jurisdiction may be raised at any time; it cannot be waived and the court is obliged to address the issue on its own motion." Medtronic Vascular, Inc. v. Boston Scientific Corp., 348 F. Supp. 2d 316, 321 (D. Del. 2004); see also Hisler v. Gallaudet Univ., 344 F. Supp. 2d 29, 40 (D.D.C. 2004). Bogan v. Northwestern Mut. Life Ins. Co., 103 F. Supp. 2d 698, 700 (S.D.N.Y. 2000).

The critical requirement for general federal question jurisdiction is whether this dispute arises under federal law. In order to arise under federal law, federal law must either create the cause of action or the plaintiff's right to relief. Absent a federally created cause of action, federal arising under jurisdiction is limited almost exclusively to situations governed by federal common law or in which Congress has federalized a particular subject area. In a case in which alternate theories are asserted, jurisdiction is only invested in the court where federal law

is essential to each of those theories. See <u>Christianson v. Colts Industries Operating Corp,</u> 486 U.S. 800, 808-09, 821 (1988).

Where no federal question is pleaded, the federal court may nevertheless have diversity jurisdiction. The Court's diversity jurisdiction arises out of Article III, Section 2 of the United States Constitution, which states that federal courts shall have jurisdiction over controversies between citizens of different states and between a state or citizen thereof and foreign states, citizen or subjects. The basic diversity jurisdiction statue is 28 U.S. C. 1332. That statute provides that federal district courts shall have original jurisdiction over all civil actions where the matter in controversy exceeds the sum or value of $75,000 dollars and is between (1) citizens of different states; (2) citizens of a state and citizens or subjects of a foreign state; (3) citizens of different states and in which citizens or subjects of a foreign state are additional parties; and (3) a foreign state defined under Section 1603(a) of title 28 as plaintiff and citizens of a state or of different states. <u>Id.</u> Thus, federal diversity jurisdiction requires that all adverse parties to the action be citizens of different states or citizens of a state and citizens or subjects of a foreign State. 28 U.S.C. 1332 (a). In order to be a citizen of a state for diversity purposes, a person must not only be a resident but must be domiciled in a particular state. A corporation is a citizen both of the state in which it is organized or incorporated and the state in which its principal place of business is located.

The Plaintiff does not plead nor can the complaint be fairly read to

implicate either a federal question or the Court's diversity jurisdiction. This case asserts a contract claim and the parties are both residents of Connecticut. Even if the Plaintiff intended to sue the Defendant in his professional capacity by asserting a claim against his law firm, that entity is claimed by the Plaintiff to be located in Connecticut and nowhere else. According to the complaint, the Defendant's office is located at 108 Oak Street, Hartford, CT. No other state is mentioned anywhere in the Complaint. Moreover, the amount in controversy requirement for diversity purposes is not satisfied, as the Plaintiff seeks damages in the amount of $14,708.95. Therefore, this Court lacks authority to entertain the claims or grant the relief sought. For these reasons, the case is dismissed.

Secondarily, the Court notes that the Plaintiff filed a substantially identical action in Connecticut Superior Court. When determining whether to abstain from hearing an action when a similar action is pending in state court, a federal should consider the following factors: "(1) the assumption of jurisdiction by either court over any res or property; (2) the inconvenience of the federal forum; (3) the avoidance of piecemeal litigation; (4) the order in which jurisdiction was obtained; (5) whether state or federal law supplies the rule of decision; and (6) whether the state court proceeding will adequately protect the rights of the party seeking to invoke federal jurisdiction." Village of Westfield v. Welch's, 170 F.3d 116, 121 (2d Cir. 1999). Here, the third, fourth, fifth, and sixth factors clearly weigh in favor of abstention, while the first and second factors are neutral. Accordingly, even if the Court had jurisdiction, abstention would be appropriate

given the existence of a parallel proceeding in state court involving the same claims, which are governed by state law.

Both the lack of jurisdiction and the abstention doctrine necessitate that this Court dismiss the present action and leave the Plaintiff to pursue his rights in state court. Accordingly, the Defendant's motion to dismiss [Doc. #14] is GRANTED. The Clerk is directed to close this case.

IT IS SO ORDERED

_____/s/ _____
Vanessa L. Bryant
United States District Judge

Dated at Hartford, Connecticut: December 22, 2010